Campbell, Chief Justice,
delivered the opinion of the court:
The demurrer to the amended petition is upon the ground that there is a misjoinder of parties as well as a misjoinder of actions. The petition, filed by Julius C. Bernheim and Alfred L. Bernheim jointly, alleges that in May, 1917, the said Julius C. Bernheim entered into a contract with the Government for the manufacture of clothing, and a copy of the contract, marked Exhibit A, is attached to the petition. On October 10, 1917, a supplemental contract was made between the said "Julius and the Government, a copy of which is Exhibit B to the petition.
On the 22d of June, 1917, one of the plaintiffs, Alfred L. Bernheim, entered into a contract with the Government for the manufacture of clothing, a copy of this contract being Exhibit C to the petition; and on or about October 10 this plaintiff, Alfred, entered into a supplemental contract, a copy of which is Exhibit D to the petition. The contract, Exhibit A, called for the production of coats, breeches, and overcoats at the approximate cost of $503,000, the contractor to give bonds in the sum of $150,000. The contract, Exhibit C, with Alfred L. Bernheim was a month later than *765 Exhibit A, and calls for the production of coats, breeches, and overcoats at the approximate cost of $683,000, with bonds in the sum of $150,000. There is not a thing in either of these contracts that refers to or makes any connection with the other contract. The dates are different, the contractors are different, the articles to be produced are different, except in name. The contracts are several and not joint.
In October of the same year supplemental contracts were made, one with each of the contractors, separately, which provided for “ additional compensation and premium ” for savings in uncut yardage and on account of the additional work and special care involved in efforts to avoid waste. This premium was to be an amount equal to 20 per cent of the net cost of the material. The suit is on account of this additional compensation and premium, the amounts due upon each of the original contracts A and C having been paid. But it is to be noted that each of these supplemental contracts is made with the one party to the original, it being several and not joint. The allegation is that the manufacture and delivery of the garments mentioned in all the contracts were consummated jointly by the two plaintiffs in a factory or factories and place or places jointly operated for their benefit; that the cloth furnished by the Government was delivered to both of. the plaintiffs for their joint use and that deliveries were made jointly by plaintiffs. The two several contracts of May, 1917, and June 22, Exhibits A and C, were performed in April, 1918, and January, 1919, respectively, according to the averment of the petition, and it is also averred that the performance of the supplemental contracts, Exhibits B and D, were “ completed by the claimants on or about January 3, 1919.”
1. It is a familiar rule, and one to which this court has adhered from the beginning, that there shall not be a joinder in one action by parties upon several contracts in nowise connected with each other. The contracts in this case are several. Any right of recovery which' the plaintiff, Julius C., would have under the supplemental contract, Exhibit B, to which he alone is a party, must rest upon its terms; and similarly any right of recovery which plaintiff, Alfred *766 Lwould have under the supplemental contract, Exhibit D, to which he alone is a party, must rest upon its terms. They are several contracts and have no connection with each other. The two parties can not join their claims in one action. See Whitehead case, 1 C. Cls. 319, 323; Wilson case, 1 C. Cls. 318; Yeaton, et al., v. Lenox, 8 Peters 123; Shipman v. Mining Co., 158 U. S. 356, 361.
2. A joint claim by the two plaintiffs of an “ informal ” agreement under the Dent Act can not be allowed to vary or defeat the several written contracts. The claim here asserted is for the amount provided in the supplemental contracts on account of savings. To ascertain the compensation, if permitted, resort would have to be to the two several contracts which provide a percentage allowable not to two parties but to one party. The several contracts are thus relied upon as the only authority allowing a recovery at all, and yet two parties would set up a distinct agreement, not in writing as required by section 3744, Revised Statutes, to vary if not entirely defeat the terms and purpose of each contract that is in writing. These contracts import a complete legal obligation without any uncertainty as to extent of the engagement of the parties. Parole evidence as to some oral agreement should not be permitted. See Seitz v. Brewers’ Co., 141 U. S. 510, 517. Besides this, the understanding or agreement alleged as to joint performance, not being in writing, could only be asserted as a Dent Act claim. Such a claim to be cognizable in this court must have been presented to the Secretary of War before June 30, 1919 (40 Stat. 1272). After the filing of the original petition in this case the court entered an order December 22, 1925, requiring the plaintiffs to make more definite the allegations of the petition, and, among other things, to state “the date of the presentation of plaintiffs’ claims to the Secretary of War.” The response which the amended petition makes to this requirement is that the claim was presented to the Secretary “ in or about the month of June, 1919.” If the rule 'that the averment is to be taken most strongly against the pleader be applied the claim never became a proper Dent Act claim in any event.
*767 3. The contracts were made in May and June, 1917, and the two supplemental contracts were made in October, 1917. It is averred that the two prime contracts were completely performed in or about April, 1918, and January, 1919, respectively, and that one of the supplemental contracts, Exhibit B, was performed “ in or about the month of April, 1918,” and the other supplemental contract, Exhibit D, was performed “ on or about January 3, 1919.” Whatever right of action either party had on his contract accrued when he had performed it, and the petition in this case was not filed until September 9, 1925, more than six years after the complete performance of all the contracts. It is barred by the statute applicable to actions in this court and that statute is jurisdictional.
The defendant’s demurrer to the amended petition should be sustained and the petition dismissed.
And it is so ordered.
Geaham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.